UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE MATTHEW HASBROOK, | No. 2:25-cv-1131 CSK P |
| Plaintiff, | |
| v. | ORDER |
| DR. AUDREE ADREANA, et al., | |
| Defendants. | |

Plaintiff, a pretrial detainee proceeding pro se, is currently housed in the Sacramento Mental Health Treatment Center. On April 17, 2025, plaintiff filed a letter stating he wishes to "initiate a junction of a Supreme Court Justice System, of a federal court system," and wants to show all videos of all officers of the Sheriff's Department. (ECF No. 1 at 1.) As discussed below, plaintiff's filing is insufficient to constitute a civil rights complaint pursuant to 42 U.S.C. § 1983, or a motion for injunctive relief. In addition, plaintiff failed to file an application to proceed in forma pauperis, or pay the court's filing fee. Therefore, plaintiff is granted thirty days to file (1) a civil rights complaint, and (2) an application to proceed in forma pauperis and inmate trust account statement, or pay the Court's filing fee.

I.   INSUFFICIENT PLEADING

Plaintiff is not required to file a formal civil rights complaint because pro se filings are liberally construed, but he is required to clearly identify the named defendants, set forth alleged

1

violations, identify his injury or injuries, and indicate what form of relief he seeks. Because plaintiff failed to do so, the Court finds his initial filing is insufficient, and provides plaintiff the following guidance in drafting a civil rights complaint, as well as the Court's form § 1983 complaint by a prisoner.

### A. Plaintiff's Allegations

Plaintiff alleges that he is being involuntarily medicated. (ECF No. 1.) He claims he was transferred from B-dorm at RCCC to the Sacramento Mental Health Center without a court order, and is being held against his will. Plaintiff claims he was not told why his stay was extended beyond the three day evaluation period. Plaintiff alleges he was denied primary care by his doctor, Dr. Audree Adreana, U.C. Davis, and was told U.C. Davis is not recognized by the Sacramento County Superior Court. Plaintiff states he is "being ignored about [his] Supreme Court case." (ECF No. 1 at 1.) Plaintiff states he was told that if he wished to be released, "he must take meds and a program." (Id.) Plaintiff alleges he has no access to a federal public defender. (Id.) In addition to all relevant video footage, plaintiff seeks all state licensing and certifications of all psychiatrists he has seen, including Dr. Glen and Dr. Glendale. (Id.) Plaintiff would also like to have all his possessions returned. (Id. at 2.)

Plaintiff also claims he is being harassed by ex-mayor Lidner and Mr. Stigmeyer "for years now." (Id. at 4.) Plaintiff also contends he is being harassed by medical personnel to take meds and stay in a treatment center "he doesn't need." (Id. at 4-5.) Plaintiff seeks a Congressional investigation, a restraining order against all County personnel, and an explanation about what happened to his wife who went missing in 2023. (Id. at 5.) Plaintiff also seeks "SSI, SSD, military disability, in home care, military benefits, and Indian benefits, all with back pay."[1] (Id. at 5.)

### B. Legal Standards for Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] Plaintiff provided his social security number in multiple filings. Plaintiff is advised that he does not need to include his social security number in any future filing.

2

court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

///

*1. The Civil Rights Act*

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

C. Issues Regarding Defendants

Although plaintiff discusses various individuals, he fails to specifically identify who he contends violated his constitutional rights. For example, he claims he was denied primary care by Dr. Adreana, but it is unclear whether she denied him care, or whether he was denied medical care by her because U.C. Davis no longer holds contracts to provide medical care to Sacramento County Jail inmates. It is unclear who ordered that plaintiff be required to take medications without his permission. Although he seeks information concerning Dr. Glen and Dr. Glendale, plaintiff includes no facts demonstrating that either doctor was deliberately indifferent to plaintiff's serious medical or mental health needs, or that either defendant was responsible for the involuntary medication order.

In addition, each named defendant must have acted under color of state law. Plaintiff alleges that ex-mayor Lidner and Mr. Stigmeyer have harassed plaintiff for years, but plaintiff includes no allegations demonstrating that either acted under color of state law. See West, 487

U.S. at 48. In his complaint, plaintiff must identify each named defendant, include facts demonstrating each defendant acted under color of state law, and provide sufficient information for the U.S. Marshal to serve each named defendant.

D. Harassment

Even assuming plaintiff can identify an individual defendant who acted under color of state law and allegedly harassed plaintiff, such allegation fails to state a cognizable civil rights claim. Plaintiff is advised that allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

E. Involuntary Medication

Plaintiff's allegations are not sufficiently specific or detailed to show that a particular individual has violated plaintiff's rights, or that he is at risk of imminent, irreparable injury.

The "forcible injection of medication into a nonconsenting person's body . . . represents a substantial interference with that person's liberty." Riggins v. Nevada, 504 U.S. 127, 134 (1992). Accordingly, governments must follow procedural protections before administering involuntary medication. "In California, the procedural requirements for involuntary medication of prisoners are stated in Keyhea v. Rushen, 178 Cal. App. 3d 526 (Cal. Ct. App. 1986)." Black v. Dep't of State Hospitals, 2023 WL 1784753, at *2 (N.D. Cal. Feb. 6, 2023). "A Keyhea order permits the long-term involuntary medication of an inmate upon a court finding that the course of involuntary medication is recommended and that the prisoner, as a result of mental disorder, is gravely

disabled and incompetent to refuse medication, or is a danger to himself or others." Davis v. Walker, 745 F.3d 1303, 1307 n.2 (9th Cir. 2014). In addition, due process requires that the state provide the inmate with notice of the Keyhea proceedings, the right to be present at those proceedings, and the right to participate in them. Kulas v. Valdez, 159 F.3d 453, 456 (9th Cir. 1998); see also Washington v. Harper, 494 U.S. 210, 235 (1990).

Here, plaintiff does not include facts to explain whether the procedures required by Keyhea were followed and, if not, what procedures and methods were used to involuntarily medicate him.[2] Without such an explanation, the Court cannot evaluate his claim that he is being unlawfully subjected to forced medication. Plaintiff is cautioned that failure to follow the state procedures for involuntary medication does not necessarily constitute a federal due process violation. Hubbard v. Ramos, 2022 WL 595879, at *13 (N.D. Cal. Feb. 28, 2022).

F. Medical and Mental Health Care

Plaintiff does not identify any individual as being deliberately indifferent to his serious medical or mental health needs, but in light of his request for information concerning the licensure of Dr. Glen and Dr. Glendale, plaintiff is informed that the following standards govern potential deliberate indifference claims.

"Pretrial detainees have a constitutional right to adequate medical [or mental health] care while in the custody of the government and awaiting trial." Est. of Nelson v. Chelan Cnty., 2024 WL 1705923, at *9 (E.D. Wash. Apr. 19, 2024) (citing Russell v. Lumitap, 31 F.4th 729, 738 (9th Cir. 2022)). The claim is evaluated under an objective deliberate indifference standard. Gordon

---

[2] Court records show that a criminal complaint was filed against plaintiff on February 26, 2025 in the Sacramento County Superior Court. People v. Hasbrook, 25MI003396. The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website for the Sacramento County Superior Court is https://services.saccourt.ca.gov/PublicCaseAccess/Criminal (accessed Apr. 25, 2025). Plaintiff was arraigned on February 26, 2025, and a public defender was appointed to represent him. Hasbrook, No. 25MI003396. On March 5, 2025, doctors' reports were returned, and the docket notes that plaintiff was found incompetent. Id. The case is set for further proceedings on April 30, 2025. Id.

6

v. Cty. of Orange, 888 F.3d 1118, 1120, 1124-25 (9th Cir. 2018). To state a Fourteenth Amendment claim that a jail official was deliberately indifferent to a pretrial detainee's safety or health, the detainee must show that (1) the prison official made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put the pretrial detainee at substantial risk of suffering serious harm; (3) the prison official did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the prison official's conduct obvious; and (4) by not taking such measures, the prison official caused the pretrial detainee's injuries. Id. at 1125.

For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily turn[ ] on the facts and circumstances of each particular case." Id. (citations and internal quotation marks omitted). The four-part test articulated in Gordon requires the plaintiff to prove more than negligence, but less than subjective intent—something akin to reckless disregard. See id. Mere negligence and a simple lack of due care do not violate the Fourteenth Amendment. See Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016); Gordon, 888 F.3d at 1125.

G. Property

In his filing, plaintiff claims he was "robbed" of certain property, and "would like all [his] possessions returned." (ECF No. 1 at 3, 5.) It is unclear whether plaintiff's property was taken during his arrest or otherwise. But plaintiff is informed that property claims are governed by the following standards.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall,

773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). In addition, the California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. If plaintiff has not sought redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.

H. Injunctive Relief

In his filing, plaintiff seeks a "restraining order against all county personnel." (ECF No. 1 at 5.) Such a generalized and broad request is unavailing.

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are generally governed by the same standard applicable to preliminary injunctions, except that preliminary injunctions require notice to the adverse party. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Fed. R. Civ. P. 65(a). Eastern District of California Local Rule 231 requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. E.D. Cal. Local Rule 231(a)-(b). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that

8

an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). A temporary restraining order will not issue if plaintiff merely shows irreparable harm is possible—a showing of likelihood is required. Id. at 1131.

The injunctive relief an applicant requests must relate to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief. Id. at 636; see also Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020) (the court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it.").

Further, the Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison or jail officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

Plaintiff's filing is not verified and, as noted above, he has not filed a verified civil rights complaint. In addition, he fails to address any of the above standards, and his request is not narrowly drawn as required. Thus, plaintiff should not renew this request unless he can allege

9

facts meeting the above standards and provide an affidavit as to such facts.

### I. Government Benefits

Plaintiff's request for government benefits is too vague and conclusory to determine whether plaintiff can pursue such benefits in this action.[3] Further, such request is unrelated to plaintiff's Fourteenth Amendment claims concerning involuntary medication, medical and mental health care, and therefore should be brought, if at all, in a separate action.

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)). Here, plaintiff's claims concerning government benefits would involve different defendants, as well as different questions of law and fact from the Fourteenth Amendment claims he raises, and therefore are not properly joined in the same action.

///

---

[3] For example, in the context of Social Security appeals, if plaintiff challenges a decision by the Social Security Administration, plaintiff must first exhaust administrative remedies before filing a lawsuit. See 42 U.S.C. § 405(g); see also Bass v. Social Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989) (per curiam).

J. Multiple Filings

Finally, since plaintiff's initial filing on April 17, 2025, plaintiff has filed multiple documents concerning his transfer to the mental health treatment center and involuntary medication, at least one of which was a duplicate of a prior filing. (See ECF Nos. 3-9.) Plaintiff is advised that all relevant allegations should be included in his complaint. "Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014). Thus, plaintiff should refrain from filing duplicative requests and miscellaneous documents.

Plaintiff is granted thirty days to file a civil rights complaint that addresses the above deficiencies. To assist plaintiff in identifying his claims and the individuals he intends to sue, plaintiff is encouraged to use the complaint form provided with this order. Plaintiff is cautioned that failure to file a complaint will result in a recommendation that this action be dismissed.

II.     FAILURE TO PAY FEE OR SEEK IN FORMA PAUPERIS STATUS

Plaintiff has not filed an in forma pauperis affidavit or paid the required filing fee of $350.00 plus the $55.00 administrative fee.[4] See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff is provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the required fees totaling $405.00.

The in forma pauperis application form includes a section that must be completed by a prison official, which must be accompanied by a certified copy of the inmate's trust account statement for the six-month period immediately preceding the filing of this action.

III.    CONCLUSION

The Court finds plaintiff's initial filing is insufficiently pled. Therefore, in order to proceed with this action, plaintiff must file a civil rights complaint, as discussed above, and either pay the Court's filing fee or file an application to proceed in forma pauperis, along with a

---

[4] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $55.00 administrative fee.

certified copy of his inmate trust account statement for the last six months.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, plaintiff shall submit the following:

    (a) an application to proceed in forma pauperis on the form provided by the Clerk of Court, and a certified copy of his inmate trust account statement for the last six months, <u>or</u> the required fees in the amount of $405.00; <u>and</u>

    (b) a civil rights complaint under 42 U.S.C. § 1983, and plaintiff is encouraged to use the form complaint provided herewith.

2. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner, and a civil rights complaint under 42 U.S.C. § 1983 by a prisoner.

Dated: April 28, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hasb1131.3a+

12