UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE MATTHEW HASBROOK,<br><br>Plaintiff,<br><br>v.<br><br>DR. AUDREE ADREANA, et al.,<br><br>Defendants. | No. 2:25-cv-1131 TLN CSK P<br><br><br><br>ORDER |

Plaintiff is a Sacramento County detainee.[1] On September 3, 2025, plaintiff filed a change of address, noting he is currently housed at the Mental Health Treatment Center, and seeks an interview with a U.S. Marshal. (ECF No. 21.) Plaintiff's request is denied.

I.   Background

On June 23, 2025, the Court recommended that this action be dismissed based on plaintiff's failure to file an application to proceed in forma pauperis and a certified copy of his

---

[1] Sacramento County Superior Court records confirm that a criminal complaint was filed against plaintiff. People v. Hasbrook, No. 25MI003396. The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the Sacramento County Superior Court is https://services.saccourt.ca.gov/PublicCaseAccess/Criminal/ (accessed Sept. 5, 2025).

1

inmate trust account statement, or pay the Court's filing fee. (ECF No. 19.) The findings and recommendations were re-served on plaintiff on August 19, 2025, but were returned by the post office on September 2, 2025, noting plaintiff had been released.

II.   Discussion

Plaintiff is advised that this action is not yet commenced because plaintiff has not paid the Court's filing fee or provided a completed application to proceed in forma pauperis accompanied by an inmate trust account statement for the six months prior to the filing of this case. The Court is unable to screen plaintiff's complaint until he pays the Court's filing fee or complies with the April 28, 2025 order. Further, this Court does not have jurisdiction over the issues raised in his September 3, 2025 filing.[2] See Younger v. Harris, 401 U.S. 37, 45 (1971) (when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution absent special or extraordinary circumstances). Plaintiff's request for an interview with the U.S. Marshal (ECF No. 21) is denied.[3]

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an interview with the U.S. Marshal (ECF No. 21) is denied.

2. The Clerk of the Court is directed to re-serve a copy of the Court's April 28, 2025 order (ECF No. 11) and June 23, 2025 findings and recommendations (ECF No. 19) on plaintiff at his current address; and

3. Plaintiff is granted thirty days from the date of this order to file objections to the findings and recommendations, accompanied by a completed application to proceed in

---

[2] In addition, plaintiff is not required to provide his Social Security number on court filings, and he should refrain from doing so in the future. Plaintiff also asks the Court to apply for plaintiff's SSI, Indian Affairs money, military disability, and in home health care. (ECF No. 21-1 at 2.) Plaintiff is advised that the Court is unable to make those applications on behalf of plaintiff.

[3] Review of the state court docket in No. 25MI003396 confirms that plaintiff was appointed counsel to represent him in the criminal proceedings, and that the case is currently set for further proceedings on September 17, 2025, at 8:30 a.m. in Department 04. Because plaintiff is represented by counsel in the state court action, plaintiff should direct his requests for assistance to his attorney, or raise them with the state court judge at the hearing.

forma pauperis and a certified inmate trust account statement for the six months prior to the filing of this action, or payment of the Court's filing fee.

4. Plaintiff is cautioned that failure to comply with this order will result in sending the findings and recommendations to the district court for review and adoption.

Dated: September 8, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hasb1131.eot

3