1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WAYNE MATTHEW HASBROOK,              No.  2:25-cv-1131 CSK P

12                Plaintiff,              ORDER

13          v.

14   DR. AUDREE ADREANA, et al.,

15                Defendants.

16

17          Plaintiff is a Sacramento County detainee.[1]  On September 3, 2025, plaintiff filed a

18   change of address, noting he is currently housed at the Mental Health Treatment Center.  (ECF

19   No. 21.)  Multiple filings are before the Court; as discussed below, plaintiff's requests are denied.

20   I.     Background

21          On June 23, 2025, the Court recommended that this action be dismissed based on

22   plaintiff's failure to file an application to proceed in forma pauperis and a certified copy of his

23   _____

24   [1]  Sacramento County Superior Court records confirm that a criminal complaint was filed against
     plaintiff.  People v. Hasbrook, No. 25MI003396.  The court may take judicial notice of facts that
25   are "not subject to reasonable dispute because it . . . can be accurately and readily determined
     from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including
26   undisputed information posted on official websites.  Daniels-Hall v. National Education
     Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the
27   docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The
     address of the official website of the Sacramento County Superior Court is
28   https://services.saccourt.ca.gov/PublicCaseAccess/Criminal/ (accessed Sept. 5, 2025).

1

1    inmate trust account statement, or pay the Court's filing fee.  (ECF No. 19.)  The findings and

2    recommendations were re-served on plaintiff on August 19, 2025, but were returned by the post

3    office on September 2, 2025, noting plaintiff had been released.

4        On September 8, 2025, plaintiff was granted an extension of time to file objections to the

5    pending findings and recommendations, and to submit a completed application to proceed in

6    forma pauperis and a certified inmate trust account statement for the six months prior to the filing

7    of this action, or pay the Court's filing fee.  (ECF No. 22.)

8    II.    Discussion

9        As plaintiff was advised in the September 8, 2025 order, this action has not yet

10   commenced because plaintiff has not paid the Court's filing fee or provided a completed

11   application to proceed in forma pauperis accompanied by an inmate trust account statement for

12   the six months prior to the filing of this case.  The Court is unable to screen plaintiff's complaint

13   until he pays the Court's filing fee or complies with the April 28, 2025 order.  Further, this Court

14   does not have jurisdiction over the issues he has raised in subsequent filings.  See Younger v.

15   Harris, 401 U.S. 37, 45 (1971) (when there is a pending state criminal proceeding, federal courts

16   must refrain from enjoining the state prosecution absent special or extraordinary circumstances).[2]

17   Indeed, his most recent request relates to plaintiff's "land dispute," which is not at issue in this

18   case.  (ECF No. 26.)  Similarly, as noted in the Court's prior order, this Court cannot help

19   plaintiff obtain benefits from the SSI, SSD, VA disability, home health or Indian Affairs.  (ECF

20   No. 22 at 2 n.2.)  Thus, plaintiff's subsequent requests are denied.  (ECF Nos. 24, 25, 26.)

21   Plaintiff is advised that the Court will not address any further filings by plaintiff until he complies

22   with the September 8, 2025 order.

23   ///

24   ///

25   [2]  As plaintiff was previously informed, the state court docket in No. 25MI003396 confirmed that

26   plaintiff was appointed counsel to represent him in the criminal proceedings, and that the case is
     set for further proceedings in state court.  (ECF No. 22 at 2 n.3.)  Because plaintiff is represented

27   by counsel in the state court action, plaintiff should direct his request for assistance to his
     attorney, or raise them with the state court judge at the hearing.  (Id.)  Plaintiff's request to see a

28   "civil rights public defender" (ECF No. 25) is denied.

III.     Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's subsequent requests (ECF Nos. 23, 24, 25, 26) are denied.

Dated:  September 17, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hasb1131.den2

3